# Exhibit 1



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**February 8, 2022 16:41**

By: THOMAS D. ROBENALT 0055960

Confirmation Nbr. 2468588

GORDANA ATANACKOVIC, ET AL.

vs.

LIMITLESS TRANSPORTATION LLC., ET AL.

CV 22 959298

**Judge:** NANCY A. FUERST

**Pages Filed:**  8

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| GORDANA ATANACKOVIC<br>11335 WRIGHT RD NW<br>UNIONTOWN, OH. 44685 | )<br>)<br>) | CASE NO.<br><br>JUDGE |
| and | )<br>) | |
| NEBOJSA ATANACKOVIC<br>11335 WRIGHT RD NW<br>UNIONTOWN, OH.  44685 | )<br>)<br>)<br>) | **COMPLAINT**<br><br>**(MOTOR VEHICLE ACCIDENT)** |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | *JURY DEMAND ENDORSED HEREON* |
| LIMITLESS TRANSPORTATION LLC.<br>224 BROAD STREET, UNIT 201<br>MILFORD, PA. 18337 | )<br>)<br>)<br>) | |
| and | )<br>) | |
| FRANCISCO ANTONIO BEATO-AQUINO<br>75 EXCHANGE ST, 1ST FLOOR<br>NEW HAVEN, CT  06513 | )<br>)<br>)<br>) | |
| and | )<br>) | |
| PROGRESSIVE INSURANCE<br>6300 WILSON MILLS ROAD<br>MAYFIELD VILLAGE, OH. 44143 | )<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

Plaintiffs by and through undersigned counsel, for their Complaint against the above-named Defendants, state and aver as follows:

**PARTIES**

1.      At all times material, Plaintiff Gordana Atanackovic was a resident of the County of Stark in the State of Ohio, and resided specifically 11335 Wright Road, Uniontown, OH 44685.

2.       At all times material, Plaintiff Nebojsa Atanackovic was a resident of the County of Stark in the State of Ohio, and resided specifically 11335 Wright Road, Uniontown, OH. 44685.

3.       At all times material, Defendant Francisco Antonio Beato-Aquino was a resident of the County of New Haven in the State of Connecticut and resided specifically 75 Exchange Street, 1st Floor, New Haven, CT. 06513.

4.       At all times material, Defendant Limitless Transportation, LLC (hereinafter Timeless Transportation) was and is a corporation duly organized under the laws of the State of Connecticut and doing business in Ohio and because driver of the tractor trailer operated under the Defendant Timeless Transportations authority and because their trucks entered Ohio.

5.       Defendant Progressive Insurance company was and is an insurance carrier and at all times herein was the UIM carrier for Plaintiffs, under policy number 03728358-4, which contained UIM coverage, which operated out of its principal place of business in Cuyahoga County, Ohio.

6.       The motor vehicle accident and/or crash that is the subject of this Complaint occurred in Trumbull County, Ohio.

## COUNT I

### *(Negligence)*

7.       All of the statements and averments in the preceding Paragraphs are hereby incorporated by reference as if fully rewritten herein.

8.       On the date of February 23, 2020, Defendant Francisco Antonio Beato-Aquino was backing his tractor trailer into a parking spot at a Loves Travel Center on 2586 N Main Street SE, in the city of Hubbard, in Trumbull County, Ohio approximately 10:16 pm.

9. At that same time and place, Plaintiff's Gordana and Nebojsa Atanackovic were in the back of their tractor trailer.

10. At the aforementioned time and place, Defendant Beato-Aquino negligently operated his vehicle and/or tractor trailer by, *inter alia*, failing to yield, failing to maintain an assured clear distance, and failing to look where he was going and backed into the Plaintiffs' tractor trailer.

11. In operating his vehicle and/or tractor trailer, Defendant Beato-Aquino failed to exercise the level of due care consistent with that of other reasonably prudent drivers under the same or similar circumstances.

12. As a direct and proximate result of Defendant Beato-Aquino's negligence and violation of statutes, Plaintiffs Gordana and Nebojsa Atanackovic sustained damages to their vehicle and to their persons.

13. Plaintiffs Gordana and Nebojsa Atanackovic suffered injuries and went through months of treatment, lost income, lost time and enjoyment, and endured pain and suffering.

## COUNT II

### *(Negligent Entrustment and Negligence PER SE)*

14. All of the statements and averments in the preceding Paragraphs are hereby incorporated by reference as if fully rewritten herein.

15. At all times material, upon information and belief, Limitless Transportation LLC is and/or was the owner of the tractor trailer driven by Defendant Beato-Aquino's that caused the above-described crash and National Interstate Insurance insured him. As such they negligently entrusted the tractor trailer to him.

16. On February 23, 2020, Defendant Limitless Transportation LLC negligently entrusted the vehicle to Defendant Francisco Beato-Aquino's and permitted him to drive it, which directly and proximately caused the above-describe crash.

17. Defendants owed a duty of care to the public and to the Plaintiffs to not entrust the vehicle to a driver they should have known, was incompetent, reckless, and/or a dangerous driver.

18. As a direct and proximate result of Defendants' negligent entrustment of their vehicle and/or tractor trailer to Defendant Francisco Beato-Aquino, Plaintiffs Gordana and Nebojsa Atanackovic sustained serious injuries including, *inter alia*, injuries, endured physical pain, suffered pain, mental anguish and emotional trauma and incurred significant medical and hospital expenses and property damage to his vehicle resulting from the treatment of their injuries, all of which have persisted since the accident and are likely to continue into the future.

## COUNT III

### *(UIM Claim against Progressive)*

19. All of the statements and averments in the preceding Paragraphs are hereby incorporated by reference as if fully written herein.

20. At all times material, Plaintiffs were the owners of a policy of automobile insurance that was purchased from Progressive Insurance Company.

21. Plaintiffs had under-insured / un-insured motorist coverage policy with Progressive Insurance Company that was binding, policy #03728358-4, and in full effect at the time of the motor vehicle crash at issue in this lawsuit.

22. This policy of insurance contained provisions for underinsured/uninsured motorists' coverage which obligated Progressive Insurance Company to pay Plaintiffs all sums to

which they were legally entitled to recover as damages from the driver of an underinsured/uninsured motor vehicle.

23.     Inasmuch as Defendants Francisco Antonio Beato-Aquino and Limitless Transportation, LLC had insufficient insurance to cover the damages caused in this crash, Plaintiffs evoke the underinsured/uninsured motorist provision of his policy and is entitled by law under his insurance contract to all amounts available under the policy as purchased from Progressive Insurance Company.

**COUNT IV**

***(Loss of Consortium Claims)***

24.     All of the statements and averments in the preceding Paragraphs are hereby incorporated by reference as if fully written herein.

25.     At all times material, Plaintiffs Nebojsa Atanackovic and Gordana Atanackovic are husband and wife and both were injured in the crash.

26.     As a direct and proximate result of the negligence of all Defendants, Plaintiffs individually have each suffered damages associated with the loss of consortium, companionship, support, care, and services of their spouses and are entitled to damages under their individual loss of consortium claims.

**COUNT V**

***(Statutory Violations of Defendants Francisco Antonio Beato-Aquino and Limitless Transportation, LLC)***

27.     All allegations and causes of action above are incorporated into this cause of action by reference.

28.     Defendant Francisco Antonio Beato-Aquino and Defendant Limitless Transportation, LLC violated state and federal statutes and regulations, including but not limited to 49 C.F.R. §§ 350-399, O.A.C. 4901:2-5-02 through 4901:2-5-08, ORC § 4923.

29.     Defendant Francisco Antonio Beato-Aquino's and Defendant Limitless Transportation, LLC's statutory violations directly and proximately caused Plaintiffs' injuries.

30.     Defendant Francisco Antonio Beato-Aquino and Defendant Limitless Transportation, LLC were negligent per se based on these statutory and regulatory violations.

## COUNT VI

### *(Claim for Punitive Damages against Defendants Francisco Antonio Beato-Aquino   and Limitless Transportation, LLC)*

31.     All allegations and causes of action above are incorporated into this cause of action by reference.

32.     Defendant Francisco Antonio Beato-Aquino's and Defendant Limitless Transportation, LLC's actions demonstrate a conscious disregard for the rights and safety of the Atanakovic family and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of his conduct and knowing there was a great probability of causing substantial harm, specifically including but not limited to: distracted driving, failure to brake and failure to maintain an assured clear distance ahead while driving in a semi-tractor trailer.

33.     Accordingly, Plaintiff demands punitive damages against Defendant Francisco Antonio Beato-Aquino and Defendant Limitless Transportation, LLC.

## COUNT VII

### *(Vicarious Liability of Defendant Limitless Transportation, LLC)*

34.     All allegations and causes of action above are incorporated into this cause of action by reference.

35.     At all relevant times, Defendant Francisco Antonio Beato-Aquino and was the employee, statutory employee, agent, servant, or independent contractor for Defendant Limitless Transportation, LLC and is vicariously liable for the acts of Defendant Francisco Antonio Beato-Aquino described in the causes of action above.

36.     Defendant Limitless Transportation, LLC is an interstate motor carrier responsible for the acts of the defendant driver.

## COUNT VIII

### *(Strict Liability of Defendant Limitless Transportation, LLC)*

37.     All allegations and causes of action above are incorporated into this cause of action by reference.

38.     Defendant Limitless Transportation, LLC is the registered owner of the tractor-trailer involved in this collision and is therefore responsible for the acts of Defendant Francisco Antonio Beato-Aquino.

**WHEREFORE**, based upon the foregoing averments, Plaintiffs pray for judgment against the Defendants on all counts set forth above, and in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) for compensatory damages, plus attorney fees, interest, costs of litigation, and/or any other relief in law or equity that this Court deems just and appropriate.

Respectfully submitted,

*/s/ Thomas D. Robenalt*

THOMAS D. ROBENALT (0055960)
JOHN P. COLAN (0081778)
**THE ROBENALT LAW FIRM, INC.**
23550 Center Ridge Road, Suite 103
Westlake, Ohio 44145
Phone: (216) 223-7535
Fax: (216) 307-2352
E-mail: trobenalt@robenaltlaw.com
       jcolan@robenaltlaw.com
*Attorneys for Plaintiffs*

## JURY DEMAND

Pursuant to Civ.R. 38(B), Plaintiff hereby demands a trial by jury for all issues so triable.

Respectfully submitted,

*/s/ Thomas D. Robenalt*

THOMAS D. ROBENALT (0055960)
JOHN P. COLAN (0081778)
**THE ROBENALT LAW FIRM, INC.**
23550 Center Ridge Road, Suite 103
Westlake, Ohio 44145
Phone: (216) 223-7535
Fax: (216) 307-2352
E-mail: trobenalt@robenaltlaw.com
       jcolan@robenaltlaw.com
*Attorneys for Plaintiffs*



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**ANSWER AND CROSSCLAIM $75**
March 2, 2022 14:25

By: DANIEL J. HURLEY 0034499

Confirmation Nbr. 2487263

| | |
|---|---|
| GORDANA ATANACKOVIC, ET AL. | CV 22 959298 |
| vs. | |
| LIMITLESS TRANSPORTATION LLC., ET AL. | **Judge:** NANCY A. FUERST |

**Pages Filed:** 9

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

Gordana Atanackovic, et al.,          :

      Plaintiffs,               :       Case No.: CV-22-959298

v.                               :       Judge: Nancy A. Fuerst


Limitless Transportation, LLC, et al.,    :

      Defendants.            :

---

<u>**ANSWER OF DEFENDANT PROGRESSIVE PREFERRED INSURANCE COMPANY**</u>
<u>**TO PLAINTIFFS' COMPLAINT**</u>
<u>**AND**</u>
<u>**CROSSCLAIM AGAINST CO-DEFENDANTS LIMITLESS TRANSPORTATION, LLC**</u>
<u>**AND FRANCISCO ANTONIO BEATO-AQUINO**</u>

Now comes Defendant Progressive Preferred Insurance Company (hereinafter "Progressive") (improperly named as "Progressive Insurance"), by and through counsel, and for its Answer to Plaintiffs' Complaint, states as follows:

**Parties:**

1.      Answering paragraphs 1 thru 4 of Plaintiffs' Complaint, Defendant Progressive states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

2.      Answering paragraph 5 of Plaintiffs' Complaint, Defendant Progressive admits the allegations contained therein.

3.      Answering paragraph 6 of Plaintiffs' Complaint, Defendant Progressive admits the allegations contained therein.

**Count I: Negligence**

4.      Answering paragraph 7 of Plaintiffs' Complaint, Defendant Progressive re-alleges and re-avers all previous answers as though fully re-written herein.

5.      Answering paragraphs 8 thru 13 of Plaintiffs' Complaint, Defendant Progressive states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

**Count II: Negligent Entrustment and Negligence PER SE:**

6.      Answering paragraph 14 of Plaintiffs' Complaint, Defendant Progressive re-alleges and re-avers all previous answers as though fully re-written herein.

7.      Answering paragraphs 15 thru 18 of Plaintiffs' Complaint, Defendant Progressive states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

**Count III: UIM Claim Against Progressive:**

8.      Answering paragraph 19 of Plaintiffs' Complaint, Defendant Progressive re-alleges and re-avers all previous answers as though fully re-written herein.

9.      Answering paragraph 20 of Plaintiffs' Complaint, Defendant Progressive denies that Plaintiffs were the owners of a policy of automobile insurance that was purchased from Progressive.  However, further answering, Defendant Progressive admits that Plaintiffs were rated drivers listed on a commercial auto insurance policy issued to Skylark Express, Inc.

10.      Answering paragraph 21 of Plaintiffs' Complaint, Defendant Progressive admits that the commercial auto insurance policy, policy #03728358-4, contained uninsured and underinsured motorists coverage which was in full force and effect at the time of the

motor vehicle accident at issue in this lawsuit.  As to the remaining allegations contained in this paragraph, Defendant Progressive states that it is without sufficient knowledge or information to form a belief as to their truth.

11.      Answering paragraph 22 of Plaintiffs' Complaint, Defendant Progressive admits that the commercial auto policy contained provisions for uninsured/underinsured motorists coverage.  As to the remaining allegations contained in this paragraph, Progressive states that the UM/UIM policy language and other relevant policy terms speak for themselves.

12.      Answering paragraph 23 of Plaintiffs' Complaint, Defendant Progressive states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same.

**Count IV: Loss of Consortium Claims:**

13.      Answering paragraph 24 of Plaintiffs' Complaint, Defendant Progressive re-alleges and re-avers all previous answers as though fully re-written herein.

14.      Answering paragraph 25 of Plaintiffs' Complaint, Defendant Progressive states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

15.      Answering paragraph 26 of Plaintiffs' Complaint, Defendant Progressive states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, denies the same.

**Count V: Statutory Violations of Defendants Francisco Antonio Beato-Aquino and Limitless Transportation, LLC:**

16.      Answering paragraph 27 of Plaintiffs' Complaint, Defendant Progressive re-alleges and re-avers all previous answers as though fully re-written herein.

17.     Answering paragraphs 28 thru 30 of Plaintiffs' Complaint, Defendant Progressive states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

**Count VI: Claim for Punitive Damages Against Defendants Francisco Antonio Beato-Aquino and Limitless Transportation, LLC:**

18.     Answering paragraph 31 of Plaintiffs' Complaint, Defendant Progressive re-alleges and re-avers all previous answers as though fully re-written herein.

19.     Answering paragraphs 32 and 33 of Plaintiffs' Complaint, Defendant Progressive states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

**Count VII: Vicarious Liability of Defendant Limitless Transportation, LLC:**

20.     Answering paragraph 34 of Plaintiffs' Complaint, Defendant Progressive re-alleges and re-avers all previous answers as though fully re-written herein.

21.     Answering paragraphs 35 and 36 of Plaintiffs' Complaint, Defendant Progressive states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

**Count VIII: Strict Liability of Defendant Limitless Transportation, LLC:**

22.     Answering paragraph 37 of Plaintiffs' Complaint, Defendant Progressive re-alleges and re-avers all previous answers as though fully re-written herein.

23.     Answering paragraph 38 of Plaintiffs' Complaint, Defendant Progressive states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

**Affirmative Defenses:**

1.      Plaintiffs' claims are barred, or should be proportionately reduced, as a direct and proximate result of the negligence of the Plaintiffs.

2.      Plaintiffs have failed to join as indispensable parties anyone who has paid medical and/or other expenses and is subrogated with respect to those payments and thereby would be a real party in interest as required by Rule 19 and 19.1 of the Ohio Rules of Civil Procedure.

3.      Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

4.      Plaintiffs' claims for damages are barred, in whole or in part, by their failure to mitigate damages.

5.      Any injuries and/or damages sustained by Plaintiffs are the result of an intervening and/or superceding cause which Defendant Progressive is not responsible for and over which it had no control.

6.      Defendant Progressive is entitled to a set-off of damages or a limitation of damages pursuant to statute or prior settlements.

7.      Plaintiffs' claims are barred and/or limited by limitations, exclusions, definition, and other provisions of the Progressive policy, which are expressly incorporated by reference herein.

8.      Pursuant to the provisions of the Progressive Insurance policy and provisions of the Ohio Revised Code, Defendant Progressive is entitled to a full set-off of any and all monies and other proceeds received by Plaintiffs or on the Plaintiffs' behalf from any source whatsoever.

9.     The maximum amount of underinsured motorists coverage, if any, available to Plaintiffs must be determined by the Progressive policy stated limits of UM/UIM coverage, reduced by all sums paid to, recovered by and/or available for payment to Plaintiff from all bodily injury liability coverage and liability bonds covering persons liable to Plaintiffs, as well as by all sums paid to Plaintiffs by or for any such liable person.

10.    Plaintiffs have failed to exhaust the liability insurance coverage and liability bonds of all persons liable to Plaintiff for the injuries and damages which they claim arise from the subject accident.  Exhaustion of the liability insurance coverage and liability bonds of all persons liable for the subject injury is a condition of and prerequisite to Plaintiffs asserting claims for and/or recovering UM/UIM benefits from Defendant Progressive.

11.    There is no UM/UIM coverage available to Plaintiffs from Defendant Progressive's policy for the reasons that the total amount of all bodily injury liability coverage and/or bonds covering all persons liable to Plaintiff for the subject accident and actually recovered by or available for payment to Plaintiffs are not less than the limits of the Progressive UM/UIM coverage, or because the Plaintiffs' alleged injuries/damages do not exceed the liability coverage for persons liable to Plaintiffs.

12.    Plaintiffs have failed to comply with all necessary pre-conditions contained in the Progressive Insurance policy.

13.    Defendant Progressive is entitled to have the actual amounts paid for Plaintiffs' medical bills and accepted as full payment presented to the jury pursuant to Robinson v. Bates.

14.    Defendant Progressive reserves the right to add additional affirmative defenses as warranted by ongoing discovery and investigation.

WHEREFORE, having fully answered, Defendant Progressive Preferred Insurance Company prays that the Plaintiffs' Complaint against it be dismissed and that Progressive recover its costs and expenses herein and any and other relief to which the Court shall deem it entitled.

## CROSSCLAIM AGAINST CO-DEFENDANTS LIMITLESS TRANSPORTATION, LLC AND FRANCISCO ANTONIO BEATO-AQUINO

Now comes Defendant Progressive Preferred Insurance Company, by and through counsel, and sets forth the following Crossclaim against Defendants Limitless Transportation, LLC ("Limitless") and Francisco Antonio Beato-Aquino ("Beato-Aquino"):

1.      Defendant Progressive hereby incorporates Plaintiffs' Complaint as if fully rewritten herein, not for the purpose of admitting the allegations contained therein, but solely for the purpose of setting for the basis of this Crossclaim against the Crossclaim Defendants.

2.      Defendant Progressive incorporates as if fully rewritten herein, its responses, admissions, denials, and affirmative defenses as set forth in its Answer to Plaintiffs' Complaint.

3.      Plaintiffs allege that Defendants Limitless and Beato-Aquino were negligent, and that it was their negligence that directly and proximately caused the injuries and damages alleged by Plaintiffs.

4.      At all times relevant, Progressive had issued a commercial auto policy that provided UM/UIM coverage that may apply to the subject accident and Plaintiffs' claims.

5.      If any UIM payments or other policy coverage policy payments are made to Plaintiffs due solely to the  negligence of the Crossclaim Defendants, then Progressive is subrogated to the extent of those payments and entitled to payment and/or reimbursement

for those amounts paid or that will be paid, or alternatively, is entitled to contribution and/or indemnity from Crossclaim Defendants.

6.     Should judgment be rendered in favor of Plaintiffs and against Progressive, then Progressive is subrogated to the extent of any payments Progressive has made or will be required to make to Plaintiffs, and Progressive is entitled to payment and/or reimbursement for those amounts paid, or alternatively, is entitled to contribution and/or indemnity from Crossclaim Defendants.

WHEREFORE, Progressive Preferred Insurance Company prays that judgment be granted in its favor on its Crossclaims against Defendants Limitless and Beato-Aquino, as prayed for herein, and that Progressive be awarded its costs and expenses and any and all other relief to which the Court should deem it entitled.

Respectfully submitted,

*/s/ Daniel J. Hurley*
**Daniel J. Hurley (0034499)**
**PLUNKETT COONEY**
300 East Broad Street, Suite 590
Columbus, Ohio 43215
Tel: (614) 629-3005
Fax: (614) 629-3019
Email: dhurley@plunkettcooney.com
*Counsel for Defendant, Progressive Preferred*
*Insurance Company*

### RELIANCE ON JURY DEMAND

Defendant Progressive Preferred Insurance Company hereby relies upon the jury demand previously submitted in this case.

*/s/ Daniel J. Hurley*
Daniel J. Hurley (0034499)
**PLUNKETT COONEY**

## **CERTIFICATE OF SERVICE**

This will certify the foregoing document was electronically with the Cuyahoga County

Clerk of Courts on this **2nd day of March, 2022**.  A copy has been served by this office on

**March 2, 2022** upon the following parties of record via electronic/regular U.S. Mail:

**Thomas D. Robenalt, Esq.**
**John P. Colan, Esq.**
The Robenalt Law Firm, Inc.
trobenalt@robenaltlaw.com
jcolan@robenaltlaw.com
*Attorneys for Plaintiffs*

**Limitless Transportation, LLC**
224 Broad St., Unit 201
Milford, PA 18337
*Defendant*

**Francisco Antonio Beato-Aquino**
75 Exchange St., 1st Floor
New Haven, CT 06513
*Defendant*


        **/s/ Daniel J. Hurley**
        Daniel J. Hurley (0034499)
        **PLUNKETT COONEY**

Open.25822.20754.28318712-1



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**ANSWER OF...**
**March 23, 2022 15:35**

By: JESSICA SANDERSON 0090181

Confirmation Nbr. 2506013

GORDANA ATANACKOVIC, ET AL.                     CV 22 959298

      vs.

LIMITLESS TRANSPORTATION LLC., ET AL.     **Judge:**  NANCY A. FUERST

**Pages Filed:**  11

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| GORDANA ATANACKOVIC, et al., | CASE NO.   CV 22 959298 |
| Plaintiffs, | JUDGE NANCY A. FUERST |
| vs. | **ANSWER OF DEFENDANTS** |
| | **LIMITLESS TRANSPORTATION LLC** |
| LIMITLESS TRANSPORTATION LLC, et al., | **AND FRANCISCO ANTONIO BEATO-** |
| | **AQUINO** |
| Defendants. | |

Now comes Defendants Limitless Transportation LLC and Francisco Antonio Beato-Aquino (hereinafter "Defendants") by and through undersigned counsel, and responds to the allegations of the Plaintiffs' Complaint and asserts its defenses as follows:

**FIRST DEFENSE**

1.      Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint and therefore deny the same.

2.      Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint and therefore deny the same.

3.      Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Complaint and therefore deny the same.

4.      Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' Complaint and therefore deny

the same.

5.      Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiffs' Complaint and therefore deny the same.

6.      Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiffs' Complaint and therefore deny the same.

## COUNT I
### (*Negligence*)

7.      Defendants reallege and reincorporate each and every response in Paragraphs 1 through 6 above as if fully set forth herein.

8.      Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint and therefore deny the same.

9.      Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint and therefore deny the same.

10.     Defendants deny the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.     Defendants deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.     Defendants deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.     Defendants deny the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

## COUNT II
### (*Negligent Entrustment and Negligence Per Se*)

14.     Defendants reallege and reincorporate each and every response in Paragraphs 1

through 13 above as if fully set forth herein.

15.     Defendants deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.     Defendants deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

## <u>COUNT III</u>
### (*UIM Claim against Progressive*)

19.     Defendants reallege and reincorporate each and every response in Paragraphs 1 through 18 above as if fully set forth herein.

20.     Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Complaint and therefore deny the same.

21.     Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiffs' Complaint and therefore deny the same.

22.     Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiffs' Complaint and therefore deny the same.

23.     Paragraph 23 states a legal proposition to which no response is required. However, to the extent a response is necessary, Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiffs' Complaint and therefore deny the same.

## COUNT IV
### (*Loss of Consortium*)

24.     Defendants reallege and reincorporate each and every response in Paragraphs 1 through 23 above as if fully set forth herein.

25.     Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiffs' Complaint and therefore deny the same.

26.     Defendants deny the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

## COUNT V
### (*Statutory Violations*)

27.     Defendants reallege and reincorporate each and every response in Paragraphs 1 through 26 above as if fully set forth herein.

28.     Defendants deny the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

## COUNT VI
### (*Punitive Damages*)

31.     Defendants reallege and reincorporate each and every response in Paragraphs 1 through 30 above as if fully set forth herein.

32.     Defendants deny the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.     Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiffs' Complaint and therefore deny the same.

## COUNT VII
### (*Vicarious Liability*)

34.     Defendants reallege and reincorporate each and every response in Paragraphs 1 through 33 above as if fully set forth herein.

35.     Defendants deny the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

## COUNT VIII
### (*Strict Liability*)

37.     Defendants reallege and reincorporate each and every response in Paragraphs 1 through 36 above as if fully set forth herein.

38.     Defendants deny the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.     Defendants deny that Plaintiffs are entitled to the relief sought in the WHEREFORE clause of Plaintiffs' Complaint.

40.     Any allegations not specifically admitted herein are denied.

## SECOND DEFENSE

41.     Plaintiffs' claims against Defendants are preempted by Federal law, including but not limited to the Federal Aviation Administration Authorization Act (FAAAA).

## THIRD DEFENSE

42.     Plaintiffs have failed to state a claim for relief against Defendants with respect to each of the claims against Defendants in the Complaint.

## FOURTH DEFENSE

43.     Plaintiffs' claims have been brought against Defendants in violation of Ohio's frivolous conduct statute and/or Rule 11 of the Federal Rules of Civil Procedure.

**FIFTH DEFENSE**

44.     Insofar as the injuries alleged in Plaintiffs' Complaint were caused by persons and/or entities not under the control of Defendants, Plaintiffs are not entitled to the requested relief. To this end, Defendants assert the right to the "Empty Chair" defense pursuant to R.C. 2307.23.

**SIXTH DEFENSE**

45.     Insofar as Plaintiffs failed to join necessary and/or indispensable parties, Plaintiffs are not entitled to the requested relief.

**SEVENTH DEFENSE**

46.     Plaintiffs' claims are barred, in whole or in part, by their lack of standing.

**EIGHTH DEFENSE**

47.     Plaintiffs' damages are barred in whole or in part by the doctrine of Accord and Satisfaction.

**NINTH DEFENSE**

48.     Plaintiffs' claims against Defendants fail because there was an intervening, superseding cause that breaks the chain of causation between any actions or non-actions of Defendants and Plaintiffs' alleged damages.

**TENTH DEFENSE**

49.     Insofar as Gordana Atanackovic and/or Nebojsa Atanackovic were comparatively negligent, Plaintiffs are not entitled to the requested relief.

**ELEVENTH DEFENSE**

50.     To the extent Defendants made a complete performance of their duties, Plaintiffs are not entitled to the requested relief.

### TWELFTH DEFENSE

51.     Insofar as Plaintiffs have failed to mitigate their damages, Plaintiffs are not entitled to the requested relief.

### THIRTEENTH DEFENSE

52.     Insofar as Plaintiffs' claims against Defendants are barred by the statute of limitations, laches, waiver, collateral estoppel, estoppel and/or res judicata, Plaintiffs are not entitled to the requested relief.

### FOURTEENTH DEFENSE

53.     Insofar as Plaintiffs' claims against Defendants are not recognized by any law or statute of Ohio, Plaintiffs are not entitled to the requested relief.

### FIFTEENTH DEFENSE

54.     Defendants raise each and every affirmative defense applicable under Ohio's tort reform statutes, as the same may be declared applicable in the instant matter.

### SIXTEENTH DEFENSE

55.     Insofar as Plaintiffs' claims are barred by lack of personal jurisdiction, insufficiency of process and/or insufficiency of service of process, Plaintiffs are not entitled to the requested relief.

### SEVENTEENTH DEFENSE

56.     Insofar as the subject accident was the result of a sudden emergency and/or an Act of God, Plaintiffs are not entitled to the requested relief

### EIGHTEENTH DEFENSE

57.     Plaintiffs' claims are barred as reduced by spoliation of evidence by persons or entities other than Defendants.

**NINETEENTH DEFENSE**

58.     Insofar as Plaintiffs' alleged damages were not proximately caused by the conduct alleged in Plaintiffs' Complaint, Plaintiffs' claims against Defendants should be dismissed.

**TWENTIETH DEFENSE**

59.     To the extent that any alleged injuries, damages or losses which Plaintiffs may have sustained as alleged in the Complaint, have been subject to compensation by collateral sources or otherwise, any recovery to which Plaintiffs might otherwise be entitled is barred or reduced thereby.

**TWENTY-FIRST DEFENSE**

60.     Any claim for punitive damages is barred in whole or in part by the Constitution of the United States, the Constitution of the state of Ohio, and/or R.C. 2315.21.

**TWENTY-SECOND DEFENSE**

61.     To the extent any negligence that could be attributed to Defendants was caused by a sudden medical emergency, Plaintiffs are barred from recovering the requested relief.

**TWENTY-THIRD DEFENSE**

62.     To the extent the allegations in Plaintiffs' Complaint were caused by an unavoidable accident that could not be prevented through the exercise of due care, Plaintiffs are barred from recovering the requested relief.

**TWENTY-FOURTH DEFENSE**

63.     Insofar as Plaintiffs failed to wear their seat belts, Plaintiffs are not entitled to the requested relief.

**TWENTY-FIFTH DEFENSE**

64.     Insofar as Plaintiffs were negligent, contributorily negligent, comparatively

negligent, and/or assumed the risk, Plaintiffs are not entitled to the requested relief.

## TWENTY-SIXTH DEFENSE

65.     Insofar as Plaintiffs are ultimately not the real parties in interest, Plaintiffs are not entitled to the requested relief.

## TWENTY-SEVENTH DEFENSE

66.     Plaintiffs' claims are subject to set-off for receipt of collateral benefits under Revised Code Section 2744.01 *et seq.*

## TWENTY-EIGHTH DEFENSE

67.     Insofar as the condition or conditions causing Plaintiffs' injuries were open and obvious, Plaintiffs are not entitled to the requested relief.

## TWENTY-NINTH DEFENSE

68.     Insofar as the subject accident was not reasonably foreseeable, or Plaintiffs were not foreseeable Plaintiffs, then Plaintiffs are not entitled to the requested relief.

## THIRTIETH DEFENSE

69.     Insofar as the statutes relied upon for negligence per se are not the type of statutes to which per se negligence can apply, Plaintiffs are not entitled to the requested relief.

## THIRTY-FIRST DEFENSE

70.     Any amount recoverable is limited by the Ohio Tort Reform Act.

## THIRTY-SECOND DEFENSE

71.     Insofar as the injuries alleged in Plaintiffs' Complaint were caused by the negligence of parties other than Defendants, Plaintiffs are not entitled to the requested relief.

## THIRTY-THIRD DEFENSE

72.     Insofar as Plaintiffs' claims are not recognized by any law or statute of Ohio,

Plaintiffs are not entitled to the requested relief.

## THIRTY-FOURTH DEFENSE

73.     Insofar as Plaintiffs have been compensated for their alleged injuries, damages

and/or expenses, Defendants are entitled to a set-off against such monies paid by any other party

or applicable policy of insurance.

Defendants expressly reserves the right to raise any affirmative defenses not related herein

which may apply as discovery progresses in this matter.

WHEREFORE, having fully answered, Defendants Limitless Transportation LLC and

Francisco Antonio Beato-Aquino pray this Court dismiss Plaintiffs' Complaint with prejudice,

retain jurisdiction to decide any motion for sanctions that may be filed, and award Defendants their

costs, fees, attorney's fees and such other and further relief as this Court deems just and proper.


Respectfully submitted,


/s/ Jessica L. Sanderson
Bradley A. Wright (47090)
bwright@ralaw.com
Jessica L. Sanderson (90181)
jsanderson@ralaw.com
Samuel L. Delcolle (101152)
sdelcolle@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
330.376.2700

*Attorneys for Defendants Limitless*
*Transportation LLC and Francisco*
*Antonio Beato-Aquino*

## PROOF OF SERVICE

I hereby certify that a true copy of the foregoing Answer was filed electronically on this 23rd day of March, 2022.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Jessica L. Sanderson
**One of the Attorneys for Defendants**
**Limitless Transportation LLC and**
**Francisco Antonio Beato-Aquino**



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**ANSWER OF...**
**March 29, 2022 14:32**

By: JESSICA SANDERSON 0090181

Confirmation Nbr. 2510774

GORDANA ATANACKOVIC, ET AL.                    CV 22 959298

     vs.

LIMITLESS TRANSPORTATION LLC., ET AL.          **Judge:**  NANCY A. FUERST

**Pages Filed:**  5

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| GORDANA ATANACKOVIC, et al., | CASE NO.   CV 22 959298 |
| Plaintiffs, | JUDGE NANCY A. FUERST |
| vs. | **ANSWER OF DEFENDANTS** |
| | **LIMITLESS TRANSPORTATION LLC** |
| | **AND FRANCISCO ANTONIO BEATO-** |
| LIMITLESS TRANSPORTATION LLC, et al., | **AQUINO TO DEFENDANT** |
| | **PROGRESSIVE PREFERRED** |
| Defendants. | **INSURANCE COMPANY'S** |
| | **CROSSCLAIM** |

Now comes Defendants Limitless Transportation LLC and Francisco Antonio Beato-Aquino (hereinafter "Defendants") by and through undersigned counsel, and responds to the allegations of Defendant Progressive Preferred Insurance Company's ("Progressive") Crossclaim as follows:

## **FIRST DEFENSE**

1.      Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Progressive's Crossclaim and therefore deny the same.

2.      Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Progressive's Crossclaim and therefore deny the same.

3.      Defendants deny the allegations contained in Paragraph 3 of Progressive's Crossclaim.

4.      Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Progressive's Crossclaim and therefore deny the same.

5.      Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Progressive's Crossclaim and therefore deny the same.

6.      Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Progressive's Crossclaim and therefore deny the same.

7.      Defendants deny that Progressive is entitled to the relief sought in the WHEREFORE clause of Progressive's Crossclaim.

8.      Any allegations not specifically admitted herein are denied.

## SECOND DEFENSE

9.      Progressive's Crossclaim fails to state a claim upon which relief can be granted, and therefore must be dismissed.

## THIRD DEFENSE

10.     Progressive's Crossclaim fails to attach a copy of the written instrument upon which its claim for relief is based in violation of Civ.R. 10(D).

## FOURTH DEFENSE

11.     Progressive's Crossclaim has not been properly served.

## FIFTH DEFENSE

12.     Progressive's Crossclaim fails to join all necessary and indispensable parties as required by Civ.R. 19 and Civ.R. 19.1.

## SIXTH DEFENSE

13.     Progressive's insured was comparatively negligent and/or primarily assumed the risk of injury, damage, or loss.

## SEVENTH DEFENSE

14.     Progressive's Crossclaim is barred and/or precluded and/or reduced by comparative negligence.

## EIGHTH DEFENSE

15.     Progressive has failed to mitigate damages.

## NINTH DEFENSE

16.     The damages or loss complained of in Progressive's Crossclaim were caused in whole or in part by the negligence and/or tortious conduct of the Plaintiffs, third parties, and/or others whose negligence and/or tortious conduct must be compared and/or determined prior to determining any obligation owed by the defendant.

## TENTH DEFENSE

17.     Progressive is subject to *Robinson v. Bates* and/or *Jaques v. Manton*.

## ELEVENTH DEFENSE

18.     Defendants assert the right to offer proof in support of additional defenses as may be developed through investigation and discovery.

Defendants expressly reserve the right to raise any affirmative defenses not related herein which may apply as discovery progresses in this matter.

WHEREFORE, having fully answered, Defendants Limitless Transportation LLC and Francisco Antonio Beato-Aquino pray this Court dismiss Progressive's Crossclaim with prejudice, retain jurisdiction to decide any motion for sanctions that may be filed, and award Defendants their costs, fees, attorney's fees and such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Jessica L. Sanderson*
Bradley A. Wright (47090)
bwright@ralaw.com
Jessica L. Sanderson (90181)
jsanderson@ralaw.com
Samuel L. Delcolle (101152)
sdelcolle@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
330.376.2700

**Attorneys for Defendants Limitless Transportation LLC and Francisco Antonio Beato-Aquino**

## PROOF OF SERVICE

A copy of the foregoing was served on March 29, 2022 pursuant to Civ.R. 5(B)(2)(f) by

sending it by electronic means to counsel at the email address(es) identified below:

| | |
|---|---|
| Thomas D. Robenalt | Daniel J. Hurley |
| John P. Colan | Plunkett Cooney |
| The Robenalt Law Firm, Inc. | 300 East Broad Street, Suite 590 |
| 23550 Center Ridge Road, Suite 103 | Columbus, Ohio 43215 |
| Westlake, Ohio 44145 | dhurley@plunkettcooney.com |
| trobenalt@robenaltlaw.com | *Attorney for Defendant Progressive* |
| jcolan@robenaltlaw.com | *Preferred Insurance Company* |
| *Attorneys for Plaintiffs* | |

*/s/ Jessica L. Sanderson*
**One of the *Attorneys for Defendants***
***Limitless Transportation LLC and***
***Francisco Antonio Beato-Aquino***



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**NOTICE OF**
**May 13, 2022 08:36**

By: THOMAS D. ROBENALT 0055960

Confirmation Nbr. 2549534

GORDANA ATANACKOVIC, ET AL.                    CV 22 959298

       vs.

LIMITLESS TRANSPORTATION LLC., ET AL.          **Judge:**  NANCY A. FUERST

**Pages Filed:**  2

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

GORDANA ATANACKOVIC, et al.     )    CASE NO.: CV 22 959298
                                   )

                                   )
     Plaintiffs,                   )    JUDGE NANCY A. FUERST
                                   )

v.                                     )

                                   )    **NOTICE OF PARTIAL VOLUNTARY**
LIMITLESS TRANSPORTATION, LLC,    )    **DISMISSAL WITHOUT PREJUDICE OF**
et al.                                    )    **DEFENDANT, PROGRESSIVE AUTO**
                                   )    **INSURANCE, ONLY, PURSUANT TO**
     Defendants.                 )    **OHIO RULE OF CIVIL PROCEDURE**
                                   )    **41(A)**

                                   )

Plaintiffs, by and through counsel, and pursuant to Rule 41(A)(1)(a) of the Ohio Rules of Civil

Procedure, hereby dismiss without prejudice, the claims against Defendant Progressive Auto

Insurance, *Only*. Plaintiffs' claims continue against the other remaining Defendants named in this

lawsuit.

                                Respectfully submitted,

                                */s/ Thomas D. Robenalt*
                                _____

                                JOHN COLAN (0081778)
                                THOMAS D. ROBENALT (0055960)
                                **THE ROBENALT LAW FIRM, INC.**
                                23350 Center Ridge Road
                                Westlake, Ohio 44145
                                Telephone: (216) 223-7535
                                Facsimile: (216) 307-2352
                                E-mail: trobenalt@robenaltlaw.com
                                          jcolan@robenaltlaw.com

                                *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing was served via electronic mail to the following on this 13 day of

May 2022 to the following:

Bradley A. Wright (47090)
Jessica L. Sanderson (90181)
Samuel L. Delcolle (101152)
**Roetzel & Andress, LPA**
222 South Main Street Akron, OH  44308
Phone: 330-376-2700
Email: bwright@ralaw.com
        jsanderson@ralaw.com
        sdelcolle@ralaw.com

*Attorneys for Defendants Limitless Transportation LLC and Francisco Antonio Beato-Aquino*


Daniel J. Hurley
Plunkett Cooney
300 East Broad Street, Suite 590
Columbus, Ohio 43215
Email: dhurley@plunkettcooney.com

*Attorney for Defendant Progressive Preferred Insurance Company*




*/s/ Thomas D. Robenalt*
_____
THOMAS D. ROBENALT (0055960)
JOHN COLAN (0081778)
**THE ROBENALT LAW FIRM, INC.**

*Attorneys for Plaintiffs*



123719611

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

GORDANA ATANACKOVIC, ET AL.
      Plaintiff

Case No: CV-22-959298

Judge: NANCY A FUERST

LIMITLESS TRANSPORTATION LLC., ET AL.
      Defendant

## JOURNAL ENTRY

87 DIS. W/O PREJ - PARTIAL

PURSUANT TO PLTF'S 5/13/2022 NOTICE, PLTF'S CLAIMS AGAINST DEFENDANT PROGRESSIVE AUTO INSURANCE ONLY ARE HEREBY DISMISSED WITHOUT PREJUDICE. CIV.R. 41(A). ALL OTHER CLAIMS REMAIN PENDING. PURSUANT TO CIV.R. 58(B), THE CLERK OF COURTS IS DIRECTED TO SERVE THIS JUDGMENT IN A MANNER PRESCRIBED BY CIV.R. 5(B). THE CLERK MUST INDICATE ON THE DOCKET THE NAMES AND ADDRESSES OF ALL PARTIES, THE METHOD OF SERVICE, AND THE COSTS ASSOCIATED WITH THIS SERVICE.

_Nafuerst_
_____
Judge Signature          05/16/2022

- 87
05/16/2022